UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT REIFSCHNEIDER,

    Plaintiff,

v.                                                                            Case No. 18-C-1105

DUSTIN R. KINGSLAND et al.,

    Defendants.

**ORDER**

Plaintiff Robert Reifschneider, who is incarcerated at Wisconsin Secure Program Facility (WSPF) and representing himself, filed this civil action on July 18, 2018. Reifschneider alleges that, during May of 2015 while housed at Columbia Correctional Institution (CCI), his civil rights were violated when Defendant Dustin R. Kingsland beat him in his cell and the other defendants failed to intervene. The court twice granted leave for Reifschneider to amend his complaint. Presently before the court is Reifschneider's motion to compel discovery and motion for leave to file a third amended complaint. For the reasons below, these motions will be denied.

**A. Motion to Compel**

In his motion to compel, Reifschneider asks the court to compel responses to Interrogatory No. 1 in his First Set of Interrogatories and Document Request No. 10 in his First Set of Requests for Production of Documents. Interrogatory No. 1 states:

> The full name, department of corrections' identification number (if wrong or not provided) and full address where the inmate is currently located of 1) all inmates housed on lower B tier Unit 9 on 5/17/15, 2) Oscar McMillian 42747, 3) Paul Asik 522666, 4) Jacob Baker 316255, 5) Todd Jones, 6) Anthony Haessley 526045, 7) Ray Kelly 423469, and; 8) Peter Yang.

Dkt. No. 38-1 at 9. When Reifschneider attempted to contact individuals based on the defendants' response, some letters were sent back to him, leading him to believe that the defendants provided false information.

But no evidence suggests falsity. Attachments to Reifschneider's motion appear to show that he sent several letters before he received the defendants' response in December 2018. *See id.* at 1–4 (postmarked August 2018). Reifschneider also attempted to contact Anthony Haessly (identified as "Haessley") via a parole office address, but his letter was returned with the phrase "Not at this Add[ress]." *Id.* at 5. A letter Reifschneider sent to Oscar McMillian was also returned, apparently because no P.O. Box was listed. *Id.* at 7. Defendants have no control over what Haessly's probation office does with mail addressed to him. Moreover, that Reifschneider did not list a P.O. Box in his letter to McMillian—despite inmates being advised in an inmate handbook to list a P.O. Box in correspondence to other inmates, Michael Glass Decl. Dkt. No. 42 at ¶ 11—does not mean the defendants provided false information.

Reifschneider also challenges the defendants' objection to the first subpart of his interrogatory. The defendants objected to providing the name, DOC number, and address of each inmate housed on Lower B Tier Unit 9 at CCI on May 17, 2015, as overly broad, burdensome, and without reasonable limitation. Defendants explained in their response (and again in opposition to the present motion) that retrieving the requested information would require that the electronically stored bed assignments for each of the approximately 800 inmates at CCI be reviewed, a task estimated to require a minimum of one to two weeks of full-time work for a reviewing staff member. Dkt. Nos. 38-1 at 10; 41 at ¶¶ 9–11. The defendants are correct that requiring such a task would be overly broad and burdensome, especially given that there are twelve cells in Lower B Tier

Unit 9, only three of which would be able to see the area outside Reifschneider's cell and three of which would be able to hear sounds from the cell. Dkt. No. 42 at ¶ 8. No relief is therefore appropriate regarding Interrogatory No. 1.

Reifschneider's second challenge is to the defendants' response to his Document Request No. 10. This Request states:

> Any rules and regulations, including but not limited to Internal Operating Procedures, regarding or making a statement about physical altercations, entering a cell, and/or the use of pepper spray, mace, and a taser, promulgated in affect [sic] during the time mentioned in the complaint.

Dkt. No. 38-1 at 15. Defendants objected to this request on the grounds that the policies at issue are kept confidential to protect the security of the institution and safety of staff, inmates, and visitors. According to the defendants, the policies contain confidential security practices, procedures, and methods, and release of the information would breach the security and safety of the institution. Consistent with standard practice, the defendants allowed Reifschneider to submit an interview/information request to WSPF Litigation Coordinator Ellen Ray to review the policies, and he was allowed to take notes during the review. He was not allowed to maintain a copy of the policies.

Reifschneider claims the review-and-take-notes practice is insufficient because he is not the person actually litigating the action and he would want to produce the policies as exhibits to the court and jury. That Reifschneider is receiving help in this litigation does not mean that he is not capable of recording in notes the portions of the policies he finds relevant to his claims. To the extent Reifschneider needs the policies entered as an exhibit at summary judgment or during trial, the defendants have indicated their willingness to provide a copy to the court. Dkt. No. 41 at 6.

3

Absent further explanation about why the review-and-take-notes policy is inadequate, no further response need be compelled. This is especially the case in light of courts' recognition that "[t]he security of the prison and the public is a valid penological goal, and a prison's regulations designed to achieve that goal are subject to substantial deference." *Sebolt v. Samuels*, 749 F. App'x 458, 460 (7th Cir. 2018).

**B. Motion for Leave to Amend**

Reifschneider seeks leave to amend his complaint for a third time—specifically, he seeks to add a claim against Security Director Lucas Weber, whom he claims continually transferred him to CCI and placed him in administrative confinement in retaliation of Reifschneider's filing of complaints against CCI officers involved in the May 17, 2015 incident. This motion improperly seeks to bring unrelated claims in a single case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). Federal Rule of Civil Procedure 20(a) governs the number of parties a plaintiff may join in one action and requires that (1) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences and (2) a common question or law or fact exist among all defendants. *See* Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607. Here, the excessive force and related failure to intervene claims are unrelated to the proposed retaliation claim, and no common question of law or fact exists. Also, the mere fact that the defendants in this case were the subject of the complaints that allegedly caused another jail official to retaliate against Reifschneider does not mean that all claims arose out of the same transaction or series of transactions. Denial of leave to amend is therefore appropriate.

Additionally, granting Reifschneider leave to amend at this stage would cause undue delay and prejudice the defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing undue delay and prejudice, among others, as reasons that may justify denial of a request for leave to amend). While "[d]elay on its own is usually not reason for a court to deny a motion to amend[,] . . . the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citations and internal quotation marks omitted). "Passage of time alone, without more, does not cause undue delay: some prejudice to the adversary is required." *Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co.*, No. 16-cv-644-jdp, 2017 WL 3499350, at *1 (W.D. Wis. Apr. 17, 2017) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004)). "The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014).

Reifschneider filed his third motion for leave to amend nearly nine months after he commenced this action. Discovery and motions deadlines were set to close on February 11, 2019, and March 13, 2019, respectively, before Reifschneider requested and the court granted an extension of those deadlines to May 13, 2019, and June 13, 2019. As the resolution of Reifschneider's motion to compel demonstrates, the parties have already invested significant time and resources into this case, and Reifschneider's latest motion for leave was filed within a month of the close of the extended discovery deadline. *See id.* at 687 (considering investment of resources in prejudice assessment). Adding another defendant at this stage would necessitate the further extension of the discovery and motions deadlines and require that further resources be invested. Especially where Reifschneider has offered no reason why leave to amend was not requested earlier and the proposed amendment relates to facts of which he was aware, granting leave to amend would be inappropriate.

5

*See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995); *Soltys*, 520 F.3d at 743 (affirming denial of motion to amend as unduly delayed where plaintiff was aware of but failed to address everything in the original complaint and to act with diligence). Undue delay and prejudice independently call for denial of Reifschneider's motion.

**IT IS THEREFORE ORDERED** that Reifschneider's motions to compel discovery (Dkt. No. 37) and for leave to amend his complaint (Dkt. No. 40) are **DENIED**.

Dated this  25th   day of April, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court